# EXHIBIT A



# PHOENIX POLICE DEPARTMENT (0723)
## Incident Report

| | |
|---|---|
| Incident Number 2018000138852 | CFS Incident # 2018001013552 |
| Report Type Incident Report | Page 1 of 4 |
| Date / Time Occurred 06/09/2018 01:22 to | Date / Time Reported 06/09/2018 01:22 |

| Arrested Suspects | Additional Suspects | Unknown Suspects | Victims | Other Persons 2 | Vehicles | Items | Evidence Count | Leoka Count | Related Report # |
|---|---|---|---|---|---|---|---|---|---|

| Arson Related | Arson Code | | Damage Value | | Bias Crime | Gang Involved | Domestic Violence |
|---|---|---|---|---|---|---|---|

### Incident Details

| Squad 73J | Clearance Disposition | Cleared by Exception | Exceptional Clearance Date |
|---|---|---|---|
| Situation Found | | Status | |

| Location Given By Dispatcher 1501 W MCDOWELL RD | Cargo Theft NO |
|---|---|

### Incident Address

| Street Address 1501 W MCDOWELL RD | | | |
|---|---|---|---|
| City PHOENIX | State ARIZONA | Zip 85007 | Country Code UNITED STATES OF AMERICA (USA) |

### Administrative Info

| Reporting Officer TOVAR, CARLOS | Serial # 08136 |
|---|---|

## OFFENSE

| ☑ Primary Offense | Offense Description TRESPASS NOTIFICATION/WARNING | |
|---|---|---|
| Offense/Statute Code TRESPASS 010 | Severity | Attempted/Completed COMPLETED | Premise Type CONVENIENCE MARKET / STORE |

| Circumstances | Bias NONE | Bias 2 |
|---|---|---|
| Bias 3 | Bias 4 | Bias 5 |

| Criminal Activity 1 | Criminal Activity 2 | Criminal Activity 3 |
|---|---|---|
| Offender Using 1 | Offender Using 2 | Offender Using 3 |

| # Premise Entered | Home Invasion | Domestic Violence | Gang Activity |
|---|---|---|---|
| Primary Gang Type | | Primary Gang Name | |
| Secondary Gang Type | | Secondary Gang Name | |

| Drug Related | Drug Type | Drug Origin | Drug Precursors |
|---|---|---|---|

**MO Panel**

| Entry Type | Entry Area | Entry Method |
|---|---|---|
| Entry Point 1 | Entry Point 2 | Exit Point 1 |
| Exit Point 2 | Target Area | Property Target 1 |
| Property Target 2 | Property Target 3 | Victim Target |
| Time of Day | Victim Activity | Action 1 to Premises |
| Action 2 to Premises | Action 3 to Premises | Action 1 on Victim |
| Action 2 on Victim | Action 3 on Victim | Other Action 1 |
| Other Action 2 | Other Action 3 | Solicited Offered 1 |
| Solicited Offered 2 | Solicited Offered 3 | Weapon 1 |
| Weapon 1 Auto | Weapon 2 | Weapon 2 Auto |
| Weapon 3 | Weapon 3 Auto | Arson |
| Precipitating Circumstance | Instrument Used | |

Comments

PUBLIC RECORDS
Released pursuant to
A.R.S. 39-121 Et Seq.
To:

PHOENIX POLICE DEPARTMENT (0723)

# Incident Report

| Incident Number | CFS Incident # |
|---|---|
| 201800001013552 | 201801013552 |

| Report Type | Page 2 of 4 |
|---|---|
| Incident Report | |

| Date / Time Occurred | Date / Time Reported |
|---|---|
| 06/09/2018 01:22   to | 06/09/2018 01:22 |

---

**OTHER PERSON**

| Person Type |
|---|
| SUSPICIOUS INDIVIDUAL/PERSON |

| Name (Last, First Middle) | | Suffix |
|---|---|---|
| LLIS, GREGORY MICHEAL | | |

| Primary Language | Nickname | Race | Sex | SSN | Date of Birth | Age | Age Range |
|---|---|---|---|---|---|---|---|
| | | BLACK | MALE | ▓▓ | ▓▓ | 56 | to |

Can Identify Suspect?

| Height | Weight | Driver's License # | DL State | | | | |
|---|---|---|---|---|---|---|---|
| 11" | 175 | ▓▓ | ARIZONA | | | | |

| Place of Birth | Citizenship | Ethnicity | Marital Status |
|---|---|---|---|
| | | NON-HISPANIC | |

| ICE Contact Date | ICE Phone # | ICE Response |
|---|---|---|
| | | |

| Home Phone | Cell Phone | Email Address | Additional Email or Social Media Handle | Social Media Types |
|---|---|---|---|---|
| | | | | |

**Other Person Home Address**

| Street Address |
|---|
| ▓▓ |

| City | State | Zip | Country Code |
|---|---|---|---|
| PHOENIX | ARIZONA | ▓▓ | |

**Employment Information**

| | Employer / School | Occupation |
|---|---|---|
| ☐ Student   ☐ Homeless | | |

| Street Address |
|---|
| |

| City | State | Zip | Country Code |
|---|---|---|---|
| | | | |

**Details**

| Work Phone | Hours of Employment | Hair Color | Hair Length | Glasses |
|---|---|---|---|---|
| | | BLACK | | ☐ |

| Eye Color | Build | Facial Hair | Voice | Complexion |
|---|---|---|---|---|
| BROWN | | | | |

| Resident | | Teeth |
|---|---|---|
| | | |

**Gang Information**

| ☐ Primary Gang | Primary Gang Name | Primary Gang Membership Info |
|---|---|---|

| Primary Gang Location Info | Rival Gang Name |
|---|---|

Colors/Logos

| ☐ Secondary Gang | Secondary Gang Name | Secondary Gang Membership Info |
|---|---|---|

| Secondary Gang Location | Rival Gang Name |
|---|---|

Colors/Logos

☐ Clothing or Colors   ☐ Gang Tattoos   ☐ Paraphernalia or Photographs   ☐ Self Proclomation   ☐ Witness Testimony/Statement   ☐ Written/Electronic Correspondance

Other

**Guardian Information**

| | Guardian Notified By | Notified Method | Guardian Notified On |
|---|---|---|---|
| ☐ Guardian Notified | | | |

| Guardian Of | Guardian Relationship |
|---|---|

---

**OTHER PERSON**

| Person Type | | Suffix |
|---|---|---|
| COMPLAINANT | | |

| Name (Last, First Middle) |
|---|
| MORSE, KATHLEEN MARIE |



**PHOENIX POLICE DEPARTMENT (0723)**

# Incident Report

| Incident Number | | CFS Incident # |
|---|---|---|
| 2018000101-3552 | | 2018C101-3552 |
| Report Type | | Page 3    of 4 |
| Incident Report | | |
| Date / Time Occurred | | Date / Time Reported |
| 06/09/2018 01:22    to | | 06/09/2018 01:22 |

| Primary Language | Nickname | Race WHITE | Sex FEMALE | SSN | Date of Birth | Age 51 | Age Range to |
|---|---|---|---|---|---|---|---|

| Height 05" | Weight 115 | Drivers License # | DL State ARIZONA | | Can Identify Suspect? |
|---|---|---|---|---|---|

| Place of Birth | Citizenship UNITED STATES OF AMERICA | Ethnicity NON-HISPANIC | Marital Status |
|---|---|---|---|

| ICE Contact Date | ICE Phone # | ICE Response |
|---|---|---|

| Home Phone | Cell Phone | Email Address | Additional Email or Social Media Handle | Social Media Types |
|---|---|---|---|---|

Other Person Home Address

| Street Address | | | | |
|---|---|---|---|---|
| City GLENDALE | State ARIZONA | Zip 85303 | Country Code UNITED STATES OF AMERICA (USA) | |

Employment Information

| ☐ Student | ☐ Homeless | Employer / School CIRCLE K | Occupation CLERK |
|---|---|---|---|

| Street Address | | | |
|---|---|---|---|
| City PHOENIX | State ARIZONA | Zip 85007 | Country Code UNITED STATES OF AMERICA (USA) |

Details

| Work Phone | Hours of Employment | Hair Color RED OR AUBURN | Hair Length | ☐ Glasses |
|---|---|---|---|---|
| Eye Color HAZEL | Build | Facial Hair | Voice | Complexion LIGHT |
| Resident U.S. RESIDENT | Teeth | | | |

Gang Information

| ☐ Primary Gang | Primary Gang Name | Primary Gang Membership Info |
|---|---|---|
| Primary Gang Location Info | | Rival Gang Name |

Colors/Logos

| ☐ Secondary Gang | Secondary Gang Name | Secondary Gang Membership Info |
|---|---|---|
| Secondary Gang Location | | Rival Gang Name |

Colors/Logos

| ☐ Clothing or Colors | ☐ Gang Tattoos | ☐ Paraphernalia or Photographs | ☐ Self Proclamation | ☐ Witness Testimony/Statement | ☐ Written/Electronic Correspondance |
|---|---|---|---|---|---|

Other

Guardian Information

| ☐ Guardian Notified | Guardian Notified By | Notified Method | Guardian Notified On |
|---|---|---|---|
| Guardian Of | | Guardian Relationship | |

**Narrative Information**

ON 06-09-18 AT APPROXIMATELY 0200 HOURS, GREGORY ELLIS WAS TRESPASSED BY OFFICER TOVAR 8136 AT 0200 HOURS. GREGORY WAS CONTACTED ACROSS THE STREET JUST SOUTH FROM THE CIRCLE K LOCATED AT MCDOWELL RD. GREGORY STATED HE DID ENTER THE CIRCLE K TO GET CASH TO REPAIR HIS BROKEN DOWN VEHICLE. HE ADVISED HE WAS TRESPASSED ABOUT 1 YEAR AGO AND BELIEVED IT HAD EXPIRED. I ADVISED HIM THAT THE CLERK WANTED HIM TRESPASSED AND NOT TO RETURN. HE ADVISED HE UNDERSTOOD AND WOULD NOT RETURN.

GREGORY WAS ARMED WITH A PISTOL ON HIS BELT AND ADVISED HE LIKES TO WATCH OVER KATHLEEN AS SHE IS



PHOENIX POLICE DEPARTMENT (0723)

**Incident Report**

| Incident Number | CFS Incident # |
|---|---|
| 2018000013552 | 2018010013552 |
| Report Type | |
| Incident Report | Page 4 of 4 |
| Date / Time Occurred | Date / Time Reported |
| 06/09/2018 01:22   to | 06/09/2018 01:22 |

HIS GIRLFRIEND. KATHLEEN STATED THEY ARE NO LONGER IN A RELATIONSHIP AND HE HAS CAUSED PROBLEMS WITH CUSTOMERS WHO HAVE COMPLAINED TO CORPORATE ABOUT GREGORY'S ACTIONS TOWARDS OTHER CUSTOMERS.

INFO TO DOCUMENT GREGORY WAS TRESPASSED AND ADVISED NOT TO RETURN.

Public Narrative

| .9.18 | 1:30 am | Greg Ellis came into the store & used the ATM. ~~Ev~~ whom I have told severel times, he is not allowed on the property. So I called the PHX Police. ~~they~~ the officer told me he gave him a warning, and next time he will ~~be~~ arrested. |
| /18 | 11:56AM | WH M, 26, 5'5", 150 LBS, Brown T+ |

# EXHIBIT B

Case No. M0747PO2018013241   Defendant: ELLIS,  GREGORY MICHAEL  Date: 06/28/2018

| Defendant's Guide Sheet for Protective Orders-Please Read Carefully |
| --- |

The following information is provided to further explain the protective order that has been served upon you and your responsibilities as the Defendant.

1. **You have been served with one of the following protective orders:**

[ X ] **ORDER OF PROTECTION:** An Order of Protection is used for a "family" relationship between you and the Plaintiff. This can include one of the following: 1) married now or in the past, 2) live together now or lived together in the past, 3) parent of a child in common, 4) one of you is pregnant by the other, 5) you are a relative (parent, in-law, brother, sister, or grandparent), or 6) current or previous romantic or sexual relationship. The Plaintiff has alleged that you have committed or may commit an act of domestic violence.

[ ] **INJUNCTION AGAINST HARASSMENT:** The Plaintiff has alleged that you have committed a series of acts (more than one) of harassment against the Plaintiff within the last year.

[ ] **INJUNCTION AGAINST WORKPLACE HARASSMENT:** This Injunction, alleging a single act or series of acts of harassment, has been filed against you by an employer or owner of a business or operation for the benefit of an employee or the business.

2. **OTHER PROTECTED PERSONS:** It is possible that you will be referred to Superior Court if your children are listed as protected persons in this order. Only a Superior Court Judge can decide child custody or parenting time in a separate action.

3. **SERVICE AND EFFECT:** This protective order is valid for one year from the date it was served on you and is enforceable by law enforcement in any state or tribal nation in the United States.

4. **PROTECTIVE ORDER HEARING:** If you disagree with this protective order, you have the right to request a hearing, which will be held within 5 to 10 business days after your written request has been filed in the court that issued this order. If a hearing is held and the Order remains in effect or is modified, and you and the Plaintiff 1) are married now or in the past, 2) live together now or lived together in the past, or 3) are parents of a child in common, you may be prohibited from possessing a firearm. This firearms prohibition may apply even if you fail to appear for the hearing. If you have questions as to whether your request for a hearing can result in this firearms prohibition, you should contact an attorney. The Court cannot give you legal advice.

5. **MODIFYING OR QUASHING (DISMISSING) THIS PROTECTIVE ORDER:** Only a judge can modify or quash (dismiss) this protective order. If you file an action for maternity, paternity, annulment, legal separation, or dissolution against the Plaintiff, you need to advise this court at once. **Nothing the Plaintiff does can stop, change, or undo this protective order without the Court's written approval.**

6. **PLAINTIFF CONTACT:** Even if the Plaintiff initiates contact, you could be arrested for violating this protective order. You have the right to request a protective order against the Plaintiff if you do not want the Plaintiff to contact you. However, orders are not automatically granted upon request. Legal requirements must be met.

7. **LAW ENFORCEMENT STANDBY:** If standby has been ordered by the judge on this protective order, you may return to the residence once with a law enforcement officer to obtain necessary personal belongings. Neither law enforcement nor this protective order can resolve conflicts over property, title, furniture, finances, real estate, or other ownership issues.

8. **FIREARMS:** If the judge has ordered under state law that you shall not possess, receive, or purchase firearms or ammunition, you must surrender them within 24 hours after service to the law enforcement agency named on this protective order and should request them to issue proof of that surrendering. You may also be required to provide documentation to the court that firearms were transferred to the appropriate law enforcement agency

**GLENDALE CITY COURT**
**5711 W GLENDALE AVE, GLENDALE, AZ 85301  PH - 623-930-2400**

# ORDER OF PROTECTION

[ ] Amended Order

Case No. M0747PO2018013241

Court ORI No: AZ007061J

County : MARICOPA  State: AZ

Former Case No:

| PLAINTIFF | PLAINTIFF IDENTIFIERS |
|---|---|
| KATHLEEN          MORSE | 09/12/1966 |
| First     Middle     Last     Suffix | Date of Birth of Plaintiff |

And/or on behalf of minor family member(s) and other Protected Person(s):  (List name and DOB.)

**V.**

| DEFENDANT | DEFENDANT IDENTIFIERS | | | | |
|---|---|---|---|---|---|
| GREGORY     MICHAEL     ELLIS | SEX | RACE | DOB | HT | WT |
| First     Middle     Last     Suffix | MALE | BLACK | 05/17/1963 | 5' 9" | 160 |
| Defendant/Plaintiff Relationship: ROMANTIC OR SEXUAL RELATIONSHIP (CURRENT OR PREVIOUS) | EYES | HAIR | *Arizona Prohibits Release* | | |
| Defendant's Address : 2141 W HEATHERBRAE DR # 13   PHOENIX ARIZONA 85015 | BROWN | BLACK | *of Social Security Numbers* | | |
| CAUTION:  [ ] Weapon Alleged in Petition | DRIVER LICENSE # | | STATE | EXP DATE | |

[ ] Estimated Date of Birth

**WARNINGS TO DEFENDANT:**  This Order shall be enforced, even without registration, by the courts of any state, the District of Columbia, any U.S. Territory, and may be enforced by Tribal Lands (18 U.S.C. § 2265).  Crossing state, territorial, or tribal boundaries to violate this Order may result in federal imprisonment pursuant to federal law under 18 U.S.C. § 2262).  As a result of this order, it may be unlawful for you to possess or purchase a firearm or ammunition pursuant to federal law under 18 U.S.C. § 922(g)(8) and/or state, tribal, territorial, or local law. If you have any questions whether these laws make it illegal for you to possess or purchase a firearm, you should consult an attorney.
 Only the Court, in writing, can change this Order.

This Order is effective for one year from date of service. VERIFY VALIDITY (call Holder of Record):

**MARICOPA County Sheriff's Phone –602-876-1061**

**THE COURT HEREBY FINDS:**
        That it has jurisdiction over the parties and subject matter.
[ ] Defendant received actual notice of this Hearing and had an opportunity to participate.
        **Additional findings of this Order and warnings are set forth on the next page(s).**
**THE COURT,** finding reasonable cause to believe that Defendant may commit an act of domestic violence or has committed an act of
        domestic violence within the past year (or good cause exists to consider a longer period),
**HEREBY ORDERS:**
**NO CRIMES.**  Defendant shall not commit any crimes, including but not limited to harassment, stalking, or conduct involving the use, attempted use, or threatened use of physical force that would reasonably be expected to cause bodily injury, against Plaintiff or Protected Persons.
[ ] **NO CONTACT.**  Defendant shall have no contact with **Plaintiff** except through attorneys, legal process, court hearings, and as checked: [ ] **Phone** [ ] **Email/Fax** [ ] **Mail** [ ] **Other:**
[ ] **NO CONTACT.**  Defendant shall have no contact with **Protected Persons** except through attorneys, legal process, court hearings and as checked: [ ] **Phone** [ ] **Email/Fax** [ ] **Mail** [ ] **Other:**

**THE COURT FURTHER ORDERS:**

[ ] **RESIDENCE.** Plaintiff is granted exclusive use and possession of the residence listed below.

[ ] **LAW ENFORCEMENT STANDBY.** Defendant may return once with a law enforcement officer to obtain necessary personal belongings. Neither law enforcement nor this protective order can resolve conflicts over property, title, furniture, finances, real estate, or other ownership issues.

**PROTECTED LOCATIONS.** Defendant shall not go to or near the Plaintiff's or other Protected Person's:

[ ]     Residence (leave blank if confidential):

[ X ]     Workplace (leave blank if confidential):  1501 W MCDOWELL RD , PHOENIX, AZ.

[ X ]     School / Other:   METRO PCS PARKING LOT 15TH/MCDOWELL/ CASH LOANS AND EL MANA RESTAURANT PARKING LOT 15TH AVE/MCDOWELL.

[ ] **FIREARMS.** Pursuant to A.R.S. § 13-3602(G)(4), the Court finds that Defendant poses a credible threat to the physical safety of the Plaintiff or Protected Persons.  Therefore, Defendant shall not possess, receive, or purchase firearms and shall surrender same within 24 hours of service to:

**OTHER ORDERS:**

06/28/2018
Date

Judicial Officer

JEAN BAXTER
Printed Judge Name

**WARNING**

This is an official Court Order.  If you disobey this Order, you will be subject to arrest and prosecution for the crime of interfering with judicial proceedings and any other crime you may have committed in disobeying this Order.

**ADDITIONAL WARNINGS TO DEFENDANT:**  Violations of this Order should be reported to a law enforcement agency, not the Court. Both parties must notify this Court if an action for dissolution (divorce), separation, annulment or paternity/maternity is filed. This is NOT a parenting time (visitation) or custody order.  You must file those requests separately in Superior Court.  If you disagree with this Order, you have the right to request a hearing, which will be held within 5 to 10 business days after your written request has been filed in the Court that issued this Order. Nothing the Plaintiff does can stop, change, or undo this Order without the Court's written approval. You must appear in Court to ask a judge to modify (change) or quash (dismiss) this Order.  **Even if the Plaintiff initiates contact, you could be arrested and prosecuted for violating this protective order.  If you do not want the Plaintiff to contact you, you have the right to request a protective order against the Plaintiff. However, orders are not automatically granted upon request. Legal requirements must be met.**

PCO 1,2,4

Effective: June 3, 2013

Adopted by Administrative Directive No. 2013-03

**GLENDALE CITY COURT, 5711 W. Glendale Ave, Glendale, AZ 85301   623-930-2400**

| | | |
|---|---|---|
| _Kathleen Morse_ <br> **Plaintiff / Plaintiff Employer** <br> (Work-Injunction ONLY) <br> Birth Date: _09·12·1966_ <br><br> _____ <br> Agent's Name <br> (Work-Injunction ONLY) | _Gregory Ellis_ <br> **Defendant** <br> #13 <br> _2141 W Heatherbrae_ <br> Address <br> _Phoenix, AZ 85015_ <br> City, State, Zip Code, Phone | Case No. _PO 2018013241_ <br> **This is not a court order.** <br><br> **PETITION for** <br> [X] Order of Protection <br> [ ] Injunction Against Harassment <br> [ ] Workplace Injunction |

**DIRECTIONS: Please read the Plaintiff's Guide Sheet before filling out this form.**

1. Defendant/Plaintiff Relationship: [ ] Married now or in the past [ ] Live together now or lived together in the past
[ ] Child in common [ ] One of us pregnant by the other [ ] Related (parent, in-law, brother, sister or grandparent)
[ ] Romantic or sexual relationship (current or previous) [ ] Dating but not a romantic or sexual relationship
[ ] Other: _____

2. [ ] If checked, there is a pending action involving maternity, paternity, annulment, legal separation, dissolution, custody,
parenting time or support in _____ Superior Court, Case #: _____
(COUNTY)

3. Have you or the Defendant been charged or arrested for domestic violence OR requested a protective order?
[X] Yes [ ] No [ ] Not sure
If yes or not sure, explain: _Yes I believe Gregory Ellis has_ _____

4. I need a court order because:   (PRINT both the dates and a brief description of what happened.)
Tell the judge what happened and why you need this order. A copy of this petition is provided to the defendant when the order is served. (Do not write on back or in the margin.)

| Dates | |
|---|---|
| 03-2017 <br> a week ago <br><br> up until a <br> week ago <br> he was doing <br> this at <br> the circle K00 | _across the street from_ <br> _Gregory thinks its okay to hang out my place of employment_ <br> _3rd shift, and act as a security guard, he comes every_ <br> _night and stays for hours, or all night long he carries, his_ <br> _firearm + sometimes argues with other circle K_ <br> _customers, Circle K has a trespassing citation for Greg._ <br> _And Circle said it's a safety issue for all + he must_ <br> _not be hanging around. I've asked him over + over_ <br> _that Circle K said for him not to hang around_ <br> _while I am working, but greg feels he doesn't have_ <br> _to listen to anybody, he can can do what he wants_ |

5. The following persons should also be on this Order.  As stated in number 4, the Defendant is a danger to them: ↓ +
_All Circle K employees_ (_/_/_) _____ (_/_/_) _across_
_+ Customers at_      Birth Date             Birth Date   _the_
_1501 W McDowell_ (_/_/_) _____ (_/_/_) _street_
_Phoenix AZ 85_      Birth Date             Birth Date

6. Defendant should be ordered to stay away from these locations, at all times, even when I am not present:
[ ] Home _____
[ ] Work _1501 W McDowell Rd   Phoenix AZ 85501_
[ ] School/Others _____

7. [ ] If checked, because of the risk of harm, order the defendant NOT to possess firearms or ammunition.

8. [ ] If checked, order the Defendant to participate in domestic violence counseling or other counseling. This can be ordered only after a hearing of which Defendant had notice and an opportunity to participate.

9. Other: _____

Under penalty of perjury, I swear or affirm the above statements are true to the best of my knowledge, and I request an Order / Injunction granting relief as allowed by law.

_Kathleen Morse_
Plaintiff

Attest: _____        _6 28 18_
Judicial Officer / Clerk / Notary        Date

10410-1023
Source F:\FormsOrigIndex\Protective Order Forms\3-GlendalePetition—Eff 6-3-13
Effective: June 3, 2013

Adopted by Administrative Directive No. 2013-03

**GLENDALE CITY COURT  5711 W. Glendale Ave   Glendale, AZ  85301   623-930-2400**

| | | |
|---|---|---|
| *Kathleen Morse*<br>Plaintiff<br>Birth Date: *9-12-1966*<br>v.<br>*Ellis, Gregory*<br>Defendant *Michael* | No. *2018013241*<br>Case No. | **HEARING ORDER**<br><br>[ ] Order of Protection<br>[ ] Injunction Against Harassment<br>[ ] Injunction Against Workplace<br>    Harassment<br><br>Issued Date: ___/___/_____ (mm/dd/ccyy) |

[ ] The request for:

   [ ] A protective order is [ ] granted [ ] denied [ ] withdrawn. Reason: _____

   [ ] A hearing is denied.

   [ ] A motion to continue is denied.

   [ ] A motion to modify is denied.

[ ] The Court continues the hearing set for ___/___/_____ (date). See Notice of Hearing.

[ ] The Court cancels the hearing set for ___/___/_____ (date).

[ ] On Plaintiff's motion, the Court dismisses the protective order listed above.

---

**At time of hearing:**

Plaintiff:    [X] Appeared  [ ] Failed to Appear but did not have Notice  [ ] Failed to Appear but had Notice

Defendant:   [X] Appeared  [ ] Failed to Appear but did not have Notice  [ ] Failed to Appear but had Notice

[X] The Court dismisses the protective order listed above.

[ ] A protective order is [ ] denied  [ ] granted.  [ ] Brady applies.

[ ] The protective order listed above remains in effect.  [ ] Brady applies.

[ ] As attached, the Court modifies the protective order listed above.  [ ] Brady applies.

*8/13/18* _____    _____
Date                               Judicial Officer

---

**CERTIFICATE OF TRANSMITTAL**

Copy [ ] mailed [X] provided personally to Plaintiff on *8/13/18* by _____

Copy [ ] mailed [X] provided personally to Defendant on *8/13/18* by _____

Copy [ ] mailed [ ] delivered [ ] faxed to Sheriff on ___/___/_____ by _____

**GLENDALE CITY COURT**
**5711 W GLENDALE AVE, GLENDALE, AZ 85301  PH - 623-930-2400**

| MORSE, KATHLEEN<br>Plaintiff<br><br>Vs<br><br>GREGORY MICHAEL ELLIS<br>Defendant | CASE NO: M0747PO2018013241<br><br>ORI NUMBER: AZ007061J | **NOTICE OF HEARING**<br><br>[ X ] ORDER OF PROTECTION<br>[ ] INJUNCTION AGAINST<br>HARASSMENT<br>[ ] INJUNCTION AGAINST<br>WORKPLACE HARASSMENT<br><br>**ISSUED DATE**: 06/28/2018 |

Upon request of a party or the Court, this matter is set for hearing on **08/13/2018** at **11:45 AM** in

# Courtroom 5.

The parties are to present testimony and evidence as to whether the Court should continue, revoke, or modify the protective order listed above.

Date: 08/03/2018          Clerk: _____

**CERTIFICATE OF TRANSMITTAL**

Notice [X] mailed [ ] provided personally to Plaintiff on _8_/_3_/_18_ by _____

Notice [ ] mailed [X] provided personally to Defendant on _8_/_3_/_18_ by _____

Effective: June 3, 2013                    Adopted by Administrative Directive No: 2013-03

**GLENDALE CITY**
**5711 W GLENDALE AVE, GLENDALE, AZ 85301  PH - 623-930-2400**

| KATHLEEN   MORSE<br>Plaintiff<br><br>Birth Date: 09/12/1966<br><br>Vs<br><br>GREGORY MICHAEL ELLIS<br>Defendant | Case No: M0747PO2018013241<br><br>ORI NUMBER: AZ007061J | **ACCEPTANCE<br>OF<br>SERVICE**<br><br>OP/IAH/IAWH Issue Date:<br>06/28/2018 |
|---|---|---|

Defendant accepts service of a copy of the:

[X] Petition and Order of Protection (OP)          [] Modified OP, dated
[ ] Petition and Injunction Against Harassment (IAH)   [] Modified IAH, dated

[ ] Petition and Injunction Against Workplace       [] Modified IAWH, dated
[X] Notice of Hearing

[ ] Other _____

Accepted on 8-3-18 at _____ a. m/p. m


Date: 08/03/2018          Defendant's Signature:

# EXHIBIT C

6/29/18

I Michael Schmidt. Was At Circle K
Getting Water & A Orange Soda water for
Greg Ellis & His Dog Rex. AND Witnessed 2
Police Officers Come in to the Store and
Talked To the Attrevendif Kathy About the
MAN ACROSS the Street Sitting peacffIlly &
minding his own bussiness, I then went back
over to the parking lot ACROSS the Street
AND Delivered the water for Rex AND ORANGE
Soda pop to Greg, The Two Officers got back
in thier CRUISERS AND proceded to Cross the
Street in thier cruisers AND park behind
Gregs White Chevy blazer, After A few more
Minutes All 3 Left the CRUISERS AND Checked
out the White blazer AND then Proceded to
Question Greg About his Validity to what he is
doing Across the Street from circle K. As Greg
explained Why he was there they proceded to
check out the White blazer & Looked me over
to MAKE sure I was Not Armed. But did Not
talk to me At Any time Just Greg After the he
Mentioned About no plate on the Blazer they
Checked the Vin and Talked to Greg som More,
After About 10 minutes they all left the parking

lot & Turned Right on West on McDowell
Rd.

Michael Schmidt

1152 Pm

602 664 0461

# EXHIBIT D

MARK D. ZUKOWSKI
PARTNER
TELEPHONE: (602) 263-1759
FAX: (602) 200-7841
E-MAIL: MZUKOWSKI@JSHFIRM.COM

DAVID L. STOUT
PARTNER
TELEPHONE: (602) 263-7384
FAX: (602) 200-7809
E-MAIL: DSTOUT@JSHFIRM.COM



JONES,
SKELTON &
HOCHULI, P.L.C.

40 NORTH CENTRAL AVENUE
SUITE 2700
PHOENIX, ARIZONA 85004
PHONE: (602) 263-1700
FAX: (602) 651-7599
WWW.JSHFIRM.COM

October 12, 2018

**VIA EMAIL**

Ian Rai
Office of the Arizona Attorney General
Division of Civil Rights Section
2005 N. Central Avenue
Phoenix, Arizona 85004
Ian.Rai@azag.gov

Re:     **Ellis v. Circle K Stores, Inc.**
        Charge No.:     P18-0287

Dear Ian:

As you know, our firm has been retained to represent Circle K in connection with the above-referenced Charge of Discrimination filed by Gregory Ellis. Below is Circle K's Position Statement in response to the Charge.

The Charging Party, Gregory Ellis, is a long-time difficult "customer" at the Circle K located at 1501 W. McDowell Road. He was trespassed from this location in 2017 because he would spend long hours outside of the store loitering, open-carrying a handgun, and understandably making customers and employees uncomfortable. Despite being trespassed and knowing that he had been trespassed, Mr. Ellis returned to this location on June 8, 2018 and was trespassed yet again. He now claims that he was denied services because of his race. This is flatly untrue, and, as a result, Circle K respectfully requests that you dismiss Mr. Ellis's Charge of Discrimination.

**I.     FACTUAL BACKGROUND**

Circle K is one of North America's most popular and successful operators of convenience stores. Today, there are more than 3,300 Circle K stores throughout the United States and more than 4,000 international locations. One of the locations Circle K operates is Store #1603, located at 1501 W. McDowell Road in Phoenix, Arizona.

# JONES, SKELTON & HOCHULI, P.L.C.

Page 2

In mid-2017, the Charging Party, Gregory Ellis, began loitering outside of this Circle K location.[1] He would park his truck outside with his dog and an open-carry handgun. He would also drink. Mr. Ellis claimed that he did this because he was concerned for the safety of Kathleen Morse, a Circle K employee with whom he had a relationship. However, on at least one occasion, he went inside the store and berated Ms. Morse while she was working.

Unsurprisingly, the employees at Circle K felt that Mr. Ellis's presence was unwelcoming to customers. He was asked not to loiter outside the store, and he eventually was involved in an incident with another Circle K employee, Erik Peters, outside of Mr. Peters' apartment at 1505 N. 15th Avenue. Given these ongoing issues with Mr. Ellis, Mr. Ellis was trespassed from this Circle K location in July 2017 and told not to return.[2]

Despite this, Mr. Ellis returned to this Circle K on June 9, 2018 at approximately 1:30 a.m.[3] At that time, he went into the Circle K, apparently to "get cash to repair his broken down vehicle." Ms. Morse, though, was working at the time, and she called the police. When the police responded, Mr. Ellis admitted that he had been trespassed from this Circle K, but believed the trespass had expired.[4] He also told the police that he "likes to watch over Kathleen as she is his girlfriend." Ms. Morse, however, told police that they were no longer in a relationship and that he has caused problems with customers, who have complained about his actions. And just as he did before, Mr. Ellis was open-carrying a pistol when he came to the Circle K and spoke with police. Mr. Ellis was again told he was trespassed from this Circle K and instructed not to return.

Mr. Ellis brought suit against Circle K in federal court almost immediately, apparently for violations of Title II of the Civil Rights Act.[5] Because his complaint did not state a claim, the Court ordered him to amend his complaint and remedy the deficiencies. He then filed an amended complaint, and the Court again informed him that his complaint did not state a claim and ordered him to amend again. When his second amended complaint yet again failed to state a claim, the Court dismissed Mr. Ellis's lawsuit. Because the lawsuit failed, Mr. Ellis then filed this Charge of Discrimination, alleging he was denied services and subjected to discrimination because of his race. His Charge does not describe any of the history outlined above, his history with Ms. Morse, or the fact that he was admittedly trespassed from this location a year before the allegations of the Charge.

## II.   LEGAL ANALYSIS

Under Title II of the Civil Rights Act of 1964, "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42

---

[1] Witness statements from two Circle K employees – Erik Peters and Kathleen Morse – are attached as **Exhibit A**.
[2] A copy of the printout indicating Mr. Ellis had been trespassed is attached as **Exhibit B**.
[3] A copy of the relevant portions of the log for this location are attached as **Exhibit C**.
[4] A copy of the Phoenix Police Department Incident Report is attached as **Exhibit D**.
[5] Copies of these complaints and the Court's orders are attached as **Exhibit E**.

# JONES, SKELTON & HOCHULI, P.L.C.

Page 3

U.S.C. § 2000a(a). The Arizona Civil Rights act is essentially identical. A.R.S. § 41-1442 ("Discrimination in places of public accommodation against any person because of race, color, religion, sex, national origin or ancestry is contrary to the policy of this state and shall be deemed unlawful.").

With only circumstantial evidence of discrimination, Title II claims are analyzed under the same *McDonnell-Douglas* burden-shifting framework as Title VII claims. *See, e.g, Feacher v. Intercontinental Hotels Group*, 563 F. Supp. 2d 389, 402 (N.D.N.Y. 2008). Under this framework, the charging party bears the burden of establishing a prima facie case of discrimination by identifying circumstances giving rise to an inference of discrimination (here, on the basis of race). This can be done by identifying similarly-situated individuals outside of the charging party's protected class and demonstrating they were treated more favorably. Individuals who are "similarly situated" are those who display similar conduct. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003) (defining "similarly situated" in the Title VII context).

If the charging party succeeds in making this prima facie showing, the burden shifts to the charged party to articulate a legitimate, non-discriminatory reason for the denial of access to the public accommodation in question. If the charged party does so, the charging party must establish that the proffered reason was pretext for unlawful discrimination and that the charged party was intentionally discriminated against on the basis of race. *Lizardo v. Denny's*, 270 F.3d 94, 103 (2nd Cir. 2001). Importantly, a charging party must do more than "cite to their mistreatment and ... conclude that it must have been related" to his or her race. *See id.* at 104.

In this case, Mr. Ellis cannot even establish a prima facie case of discrimination because he cannot identify circumstances giving rise to an inference of discrimination. As described above, Mr. Ellis was trespassed from this particular location in 2017 and told not to return. He further open-carries a handgun and told police that he is still in a relationship with a Circle K employee that denies the relationship. Given this, there are no individuals who display remotely similar conduct, and therefore no individuals who are similarly situated to Mr. Ellis and treated more favorably. In fact, Mr. Ellis does not even identify other individuals who have been trespassed and treated more favorably. As a result, Mr. Ellis cannot establish a prima facie case of discrimination.

Further, Circle K has legitimate, non-discriminatory reasons for trespassing Mr. Ellis and preventing him from using this particular Circle K location. He has made customers uncomfortable, he open-carries a firearm while loitering outside, he was trespassed from the location in 2017, he returned to the location despite admitting to police that he knew he was trespassed, and he claims that an employee is his girlfriend when any relationship ended more than a year ago.[6]

---

[6] While Mr. Ellis claims that he went to this particular Circle K on June 8, 2018 after his "car broke down across the street," it strains credulity that Mr. Ellis's car would happen to break down right across the street from a Circle K that he has been trespassed from at the exact time that Ms. Morse happened to be working.

# JONES, SKELTON & HOCHULI, P.L.C.

Page 4

The confluence of all of these legitimate, non-discriminatory reasons to deny Mr. Ellis service shifts the burden back to Mr. Ellis to establish that these reasons are pretext for unlawful discrimination. There is, though, no evidence of pretext, and Mr. Ellis's Charge only cites to his alleged mistreatment and concludes that it must be related to his race. Because Mr. Ellis has no evidence of pretext, his claim fails.

## III.   CONCLUSION

Mr. Ellis cannot state a prima facie case of public accommodation discrimination and cannot establish that the legitimate, non-discriminatory reasons for denying him service are pretext for unlawful discrimination. As a result, Circle K respectfully requests that you dismiss his Charge.

Sincerely,

Mark D. Zukowski
David L. Stout, Jr.
For the Firm

MDZ/DLS

cc:   Josh Morris (JMorris@circlek.com)

7094566.1

# EXHIBIT E

# COMPLAINT OF DISCRIMINATION

**COMPLAINT NUMBER:** P18-0287

NAME *(Indicate Mr., Ms., Mrs.)*
Mr. Gregory  Ellis

Home TELEPHONE NO.  *(Include Area Code)*
602-791-6123

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 2141 W Heatherbrae Dr. APT 13 | Phoenix, AZ 85015 | Maricopa |

*Show below the name of the government entity, business entity, individual, property owner, etc., against whom this complaint is being filed.*

NAME
Circle K                    **RECEIVED**

TELEPHONE NUMBER *(Include Area Code)*
602-253-1598

STREET ADDRESS
1501 W McDowell Rd          SEP   7 2018

CITY, STATE AND ZIP CODE
Phoenix, AZ 85007

NAME
Circle K Corporate          ~~CIVIL RIGHTS DIVISION~~

TELEPHONE NUMBER *(Include Area Code)*
602-728-8000

STREET ADDRESS
1130 W Warner Rd. Bldg B

CITY, STATE AND ZIP CODE
Tempe, AZ 85284

**DISCRIMINATION IN:**

☒ Public Accommodations
☐ Voting Rights
**Pursuant to the Arizona Civil Rights Act, as amended**

☐ Public Accommodations
☐ Access to Public Services
**Pursuant to the Arizonans with Disabilities Act**

☐ Retaliation

**DISCRIMINATION BECAUSE OF:**

☒ RACE   ☐ COLOR   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY
☐ SEX   ☐ DISABILITY

DATE MOST RECENT OR CONTINUATION DISCRIMINATION TOOK PLACE *(Month, Day, Year)*
6/13/2018

EXPLAIN THE PARTICULARS OF WHAT TOOK PLACE *(If additional space is needed, attach extra sheet(s))*

**I.   PERSONAL HARM:** I was subjected to different terms and conditions due to my race, Black, and denied services.

**II.   RESPONDENT'S REASON FOR ADVERSE ACTION:** None.

**III.   DISCRIMINATION STATEMENT:** I believe Respondent discriminated against me because of my race, Black, in violation of the Arizona Civil Rights Act, as amended, for the following reason(s):

**A.** On or about June 8, 2018, my car broke down across the street from the Circle K located at 1501 W McDowell Rd, Phoenix, AZ 85007. I walked over to the store and, I asked Store Clerk Kathleen Morse (White) if I could get cash back instead of using the ATM. Morse did not respond and denied me service. I used the ATM instead and left the store. When I returned to my car, the police arrived and started questioning me about going into the Circle K and requested to see my ID.

**B.** On or about June 13, 2018, I called the Circle K Corporate office to file a complaint. I was forwarded to the District Manager Tom (LNU), who told me not to return to that specific Circle K. I asked him why and he responded that if I returned to that Circle K, I would be arrested.

**C.** On or about June 29, 2018, I was across the street from Circle K at Metro PCS located at 1510 W McDowell Rd, Phoenix, AZ 85007. Two police officers started questioning why I was across the street from Circle K. The police officers then told me I was cited for trespassing and not to return to Circle K or be across the street.

**D.** I believe the Circle K Store Manager (White) (NU) is telling his employees to deny me services due to my race, Black, and because I carry a firearm. I have seen many Non-Black customers enter the store with a firearm that were not denied service.

**E.** I believe and therefore allege that Respondent subjected me to discrimination due to my race, Black.

I BELIEVE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

I WILL ADVISE THE CIVIL RIGHTS DIVISION IF I CHANGE MY ADDRESS OR TELEPHONE NUMBER AND I WILL COOPERATE FULLY WITH IN THE PROCESSING OF MY COMPLAINT IN ACCORDANCE WITH ITS PROCEDURES.

SIGNATURE OF COMPLAINANT AND DATE
*[signature]*   9/07/2018

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Month, Day, Year)*
9/7/18

7284949/Gregory  Ellis /IAR          REVISED 6/18.  PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED.



**MARK BRNOVICH
ATTORNEY GENERAL**

OFFICE OF THE ARIZONA ATTORNEY GENERAL

CIVIL LITIGATION DIVISION
DIVISION OF CIVIL RIGHTS SECTION

**REBEKAH BROWDER
ANGELINA NGUYEN
CHIEF COUNSEL**

September 10, 2018

Gregory Ellis
2141 W Heatherbrae Dr. Apt. 13
Phoenix, AZ 85015

**NOTICE OF CHARGE FILED**

Re:   Gregory Ellis v. Circle K
      CRD No. : P18-0287

Dear Gregory Ellis:

On 9/7/2018, you filed a charge of discrimination with the Arizona Civil Rights Division. The Division will contact you during the course of the investigation in order that you may submit evidence in response to the position statement submitted by respondent.

Upon completion of its investigation, the Division will make a determination either finding there is reasonable cause to believe the complaint is true or dismissing the complaint.  You will be given written notice of the determination of the Division.

There may be documents and data, including electronically stored information ("ESI"), in your possession or control relevant to this dispute.  The law requires that you take all steps necessary to protect and preserve such information until further notice from the Division.

In addition to preserving any hard copy documents you might have, you must refrain from deleting, overwriting, or otherwise destroying any ESI that may be relevant to this dispute.  ESI may be found on your work computer, laptop, home computer, on CDs, DVDs, external hard drives and flash drives, and on your cell phone, tablet, or other portable electronic device.  ESI includes, by way of example only, all forms of electronic communication (e.g. e-mails, text messages, instant messages, voice mails, social-media postings) as well as Word processing documents, electronic calendars, videos, audio recordings, and photographs.  All ESI must be preserved in its original electronic form, so that all information contained within it, whether visible or not, is available for inspection.

Lastly, you must preserve any new ESI that is generated after you receive this letter that may be relevant to this dispute.

In the event the Division finds there is reasonable cause, the Division will seek to conciliate the matter on a voluntary basis.  Should efforts at conciliation be unsuccessful, the Division will issue you a right-to-sue letter to seek remedies in the Superior Court where the incident occurred.

If you have any questions pertaining to your case **please contact Assigned Investigator Ian Rai at  602-542-1129.**

Sincerely,

Stephen E. Scott
Patricia G. Bianchi
Compliance Manager

SES/PGB/ASR
Enclosures