**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Micheal Ellis, | No. CV-18-4088-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Circle K Corporation, et al., | |
| Defendants. | |

CV 18-1842-PHX-JAT was previously pending before this Court. That case was, as far as this Court has determined, virtually identical to this case. In that case, this Court, after giving Plaintiff two opportunities to amend the complaint, dismissed the case (without prejudice). Specifically, this Court issued the following Orders:

> On June 14, 2018, the Court issued the following Order:
> Pending before the Court is Plaintiff's application to proceed in forma pauperis. "Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). In this case, Plaintiff's "complaint" is actually two separate complaints run together as a single document. (Doc. 1).
> In complaint 1, Plaintiff alleges jurisdiction based on diversity. (Doc. 1 at 3). However, Plaintiff fails to plead the citizenship of any party. *See generally Caterpillar v. Lewis*, 386 U.S. 523, 531 (1996). Further, the address listed for every party is in Arizona.
> In complaint 2, Plaintiff alleges federal question jurisdiction. In this complaint, Plaintiff leaves blank all sections on federal question jurisdiction. (Doc. 1 at 8). On this record, Plaintiff has failed to allege federal question jurisdiction.
> Based on the foregoing, Plaintiff has failed to allege or establish federal subject matter jurisdiction. Therefore,
> **IT IS ORDERED** that by June 28, 2018, Plaintiff shall file an amended (single) complaint properly alleging federal subject matter jurisdiction or this case will be dismissed, without prejudice.

- 1 -

(Doc. 9).

On June 28, 2018, the Court issued the following Order:

On June 15, 2018, Plaintiff filed a single amended complaint. In this amended complaint, Plaintiff alleges jurisdiction based on federal question, specifically "United States Code Title 42, Chapter 21[.]" (Doc. 10 at 3). Under Plaintiff's statement of claim he states, (quoted in its entirety) "Racial Discrimination, Defamation of Character, Harassment, and Denial of Public Services due to Race." (Doc. 10 at 4). Plaintiff also made a demand of "Five Million Dollars". (Doc. 10 at 4). The Court has quoted all of Plaintiff's allegations in his amended complaint.

As the Court noted in its prior Order, Plaintiff seeks to proceed in forma pauperis.

**A.  28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

"[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

**B.  Rule 8, Federal Rules of Civil Procedure**

A claim must be stated clearly enough to enable a defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

In order to assist litigants to understand the Rule 8(e)

> requirements that averments "be simple, concise, and direct," Rule 84 of the Federal Rules of Civil Procedure provides samples in an Appendix of Forms, which are "intended to indicate the simplicity and brevity of statement which the rules contemplate." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). An example is Form 9 (Complaint for Negligence):
>> 1. Allegation of jurisdiction
>> 2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>> 4. Wherefore plaintiff demands judgment against defendant in the sum of ___dollars and costs.
>
> *Id*. "This complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery. It can be read in seconds and answered in minutes." *Id*. In addition, to satisfy Rule 8, each claim must be stated in a separate count. *Bautista v. Los Angeles*, 216 F.3d 837, 840-41 (9th Cir. 2000).

*Kennedy v. Andrews*, 2005 WL 3358205, \*2-\*3 (D. Ariz. 2005).

In this case, Plaintiff's allegations still fail to state a claim. Further, the Court is uncertain whether jurisdiction under Title 42, Chapter 21 actually exists; however, because the allegations in the complaint are so conclusory, the Court cannot determine its jurisdiction. Additionally, Plaintiff's citation to such a large section of the United States Code makes it impossible for the Court to be sure which particular statute he might be invoking.

Based on all of the foregoing, the Court will give Plaintiff one last opportunity to amend the complaint to both allege federal subject matter jurisdiction and state a claim consistent with Rule 8 and the in forma pauperis statute. If Plaintiff chooses to amend again, Plaintiff should further note that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citations and internal quotations omitted). Thus, this Court has no jurisdiction over a claim, regardless of whether the claim is couched in federal terms, if the claim is "'patently without merit, or so insubstantial, improbable, or foreclosed by Supreme Court precedent as not to involve a federal controversy.'" *City of Las Vegas v. Clark County,* 755 F.2d 697, 701 (9th Cir. 1985) (quoting *Demarest v. U.S.*, 718 F.2d 964, 966 (9th Cir. 1983)). "To state a federal claim, it is not enough to invoke a constitutional provision or to come up with a catalogue of federal statutes allegedly implicated. Rather, as the Supreme Court has repeatedly admonished, it is necessary to state a claim that is substantial…." *Noatak v. Hoffman*, 896 F.2d 1157, 1166 (9th Cir. 1990) (Kozinski, J. dissenting) (majority opinion rev'd 501 U.S. 775 (1991)); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007); *see also Buntrock v. SEC*, 347 F.3d 995, 997 (7th Cir. 2003) (noting that "a frivolous suit does not engage the jurisdiction of the district court").

Thus, based on the foregoing,

**IT IS ORDERED** that by July 16, 2018, Plaintiff must file a second amended complaint curing the deficiencies discussed above, or this case will be dismissed, without prejudice.

(Doc. 12).

Plaintiff has now filed a second amended complaint. Plaintiff names a specific Circle K store, the Circle K corporation, and Kathleen Morse as Defendants. Plaintiff's allegations, quoted in their entirety, are:

> [Basis for Jurisdiction:]
> USC Title VII of the Civil Rights Act of 1964
> The entire United States is covered by the Federal Civil Rights Act of 1964 which prohibits discrimination by privately owned places of public accommodation on the basis of race, color, religion or national origin. Places of "public accommodation" include hotels, restaurants, theaters, banks, health [sic]
> [Factual basis of claim(s):]
> Phoenix Police were called on me for using Circle K services at this particular location, after my vehicle was disabled due to a broken belt, for trespassing when I have never done anything on their premises to deserve removal. I had already used services at this location earlier in the evening with no problem. Phoenix Police could have arrested me, if so inclined, and when contacted by District Manager, was told they would keep calling until there was an arrest. Yes, there are witnesses to the police arriving and to the intentions of the clerk.
> [Injury:]
> Irreparable compensation can not be measured because management called police to intentionally have plaintiff arrested for no other reasons than to show color of power over the plaintiff, damage his criminal record, and lack of knowledge with minorities and police, could have escalated the whole situation into a more explosive result than just incarceration and a criminal record. Plaintiff was legally armed with a holstered firearm.
> [Relief requested:]
> Five Million United States Dollars (5,000,000.00 USD)

(Doc. 13).

Generally, Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, applies to non-government actors who provide a "public accommodation." *See Akiyama v. U.S. Judo Inc.*, 181 F. Supp. 2d 1179, 1183 (W.D. Wash. 2002). Specifically,

Under Title II "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation … without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a. Title II further provides that:
> [n]o person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive, any person of any right of privilege secured by section 2000a or 2000a–1 of this title, or (b) intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person with the purpose of interfering with any right or privilege secured by section 2000a or 2000a– 1 of this title, or (c) punish or attempt to punish any person for exercising or attempting to exercise any right or privilege secured by section 2000a or 2000a–1 of this title.

*Id.* § 2000a–2.

> The gravamen of [Plaintiff]'s Title II claim is that he was treated poorly at the FTC, a place of public accommodation, and ultimately denied the right to use the FTC because of his race. In a suit under Title II, a plaintiff cannot recover damages and may only seek injunctive relief. *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 401, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); *see also* 42 U.S.C. § 2000a–3.

*Jefferson v. City of Fremont*, 73 F. Supp. 3d 1133, 1144 (N.D. Cal. 2014)(footnote omitted).

In his second amended complaint, Plaintiff still fails to identify what particular federal statute he is bringing a claim under. Assuming that Plaintiff's veiled jurisdictional statement was intended to bring a claim under Title II of the Civil Rights Act, Plaintiff may not recover damages under the act, but only injunctive relief. In his second amended complaint, Plaintiff does not seek injunctive relief. Thus, Plaintiff fails to allege a cognizable federal claim that would confer jurisdiction on this Court.

Moreover, Plaintiff fails to state a claim. Taking each Defendant in turn, Ms. Morse is never mentioned in the second amended complaint beyond the caption; thus no claim has been stated against her. With respect to Circle K's corporate offices, Plaintiff by his own admission concedes he is permitted to use this Circle K regularly; thus, no corporate policy that would violate Title II can be in place.

Finally, turning to this particular Circle K location; again Plaintiff admits he uses the Circle K regularly, including the very evening in question. Thus, there is no overarching discriminatory practice. Further, Plaintiff fails to allege that this particular incident was discriminatory because Plaintiff makes no allegation that would create a nexus between his protected status (which he never identifies), and the complained about interaction (calling the police on a trespasser). Indeed, Plaintiff basically admits he was remaining at the location after being asked to leave, but claims he has the excuse of his vehicle being disabled. None of these factual claims allege racial (or other) discriminatory intent. Thus, Plaintiff fails to allege facts that state a claim against any of the three named Defendants.

The Court has twice given Plaintiff leave to amend; and Plaintiff has twice failed to cure the deficiencies in his complaint. Further, the Court warned Plaintiff that the second amended complaint would be his last opportunity to cure the deficiencies. Thus, the Court concludes that further leave to amend would be futile because Plaintiff cannot allege facts that show discrimination in a place of public accommodation.

Accordingly,

**IT IS ORDERED** that this case is dismissed, without prejudice, and the Clerk of the Court shall enter judgment accordingly. Plaintiff's application for leave to proceed in forma pauperis (Doc. 2) is deemed to be moot.

As indicated above, in this case, Plaintiff has re-filed a virtually identical complaint to his second amended complaint in the prior case.[1] For the reasons stated in the Court's prior ordered, this re-filed complaint still fails to state a claim.

Because the Court already gave Plaintiff multiple opportunities to amend to state a

---

[1] Plaintiff has added a new Defendant, Charles Hartz, but failed to specifically identify any actions taken by Mr. Hartz in the complaint.

claim in the prior case, the Court will give Plaintiff <u>one</u> opportunity to amend to state a claim in this case. The Court has explained in detail above what Plaintiff must allege to state a claim. If Plaintiff fails to do so, this case will be dismissed <u>with prejudice</u>.[2] Accordingly,

**IT IS ORDERED** that the complaint in this case is dismissed for the reasons stated above. Plaintiff shall file an amended complaint by January 22, 2019. If Plaintiff fails to file an amended complaint by January 22, 2019, the Clerk of the Court shall enter judgment dismissing this case with prejudice.

Dated this 17th day of December, 2018.

_____
James A. Teilborg
Senior United States District Judge

---

[2] The Court notes that the complaint inconsistently refers to 4 dates (Doc. 1 at 4), but describes only one incident of the police being called (Doc. 1 at 5). One other difference is Plaintiff now cites to the entirety of Title VII of the Civil Rights Act of 1964, rather than Title II. (Doc. 1 at 3). Plaintiff never claims to have been an employee of Circle K.